E-FILED
Friday, 28 October, 2016  03:28:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VERNON TABB, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 14-CV-4037 |
| | ) | |
| NATIONAL RAILWAY EQUIPMENT INC. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

**PLAINTIFF'S RESISTANCE TO DEFENDANT'S MOTIONS IN LIMINE**

Comes now Plaintiff, Vernon Tabb by and through his attorneys Winstein, Kavensky & Cunningham and for his resistance to Defendant's Motions In Limine regarding certain evidentiary matters, states as follows:

**RESISTANCE TO MOTION IN LIMINE 1:**

1. Defendant alleges that Plaintiff's lost medical and dental benefits as a result of his termination should be barred.

2. In support of that position Defendant cites *Kossman v. Calumet County*, 800 F.2d 697, 703-04 (7th Cir. 1986)[1]. However, this case came before the Seventh Circuit a second time, see *Kossman v. Calumet County*, 849 F.2d 1027, (7th Cir. 1988). Specifically, Kossman[A] was remanded to the district court to determine "whether insurance premiums and overtime wages, if any, were recoverable from the County." *Kossman v. Calumet County*, 849 F2d 1027, 1028 (7th Cir. 1988). The district court found that the insurance premiums were recoverable. *Id*. In employment discrimination cases, "[t]he

inclusion of the cost of health insurance benefits in the award is discretionary with the trial court...." *Id.* at 1032, citation omitted.

3. Further, "[b]ackpay awards may properly include all forms of compensation: bonuses, vacation pay, pensions and health insurance benefits in addition to regular wages *Marcing v. Fluor Daniel, Inc.*, 826 F. Supp. 1128, 1142 (7th Cir. 1994), *overruled on other grounds*; *citing* (*Kossman v. Calumet County,* 849 F.2d 1027, 1032 (7th Cir.1988); *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1562 (11th Cir.1986)).

4. That Mr. Tabb was a member of a union which performed work for the Defendant. Mr. Tabb is an intended third-party beneficiary pursuant to the collective bargaining agreement. Because he was a member of a union he was subject to the collective bargaining agreement. Therefore, in addition to wages the employer contribution to Mr. Tabb's health insurance policy was a bargained for benefit and should be calculated as part of his back pay damages.

5. That pursuant to the Affordable Care Act Plaintiff had to have health insurance at all times relevant to this suit. Therefore, the employer's contribution to Mr. Tabb's insurance premiums was a part of his overall compensation package.

6. That Mr. Tabb did provide a calculation in the Pretrial Order. Further, that all of the documents used by Mr. Tabb to calculate this portion of

---

[1] For the sake of clarity Plaintiff proposes referring to the 1986 Kossman case as "Kossman$^A$" and the 1988 Kossman case as "Kossman$^B$."

the back pay award have at all times been in Defendant's possession, and therefore Defendant has not been prejudiced.

7. For the aforementioned reasons Defendant's Motion In Limine 1 should be denied.

**RESISTANCE TO MOTION IN LIMINE 2**

1. Plaintiff did list Jackie Tabb as a witness, and did disclose her on initial disclosures.

2. That in response to Defendant's inquiries Plaintiff sent an email on October 10, 2016, see attached Exhibit A.  Plaintiff then sent, or thought he sent, a follow up email with the attached Amended Initial Disclosures, see attached Exhibit B.

3. That it appears that, for some reason, the email with the Amended Initial Disclosures was not sent by the email server.  Further, in Exhibit A, Plaintiff specifically requested that Defendant contact Plaintiff if they disagreed with Plaintiff's assertion that he had fulfilled his obligation.

4. That until receipt of Defendant's Motion In Limine 2, Plaintiff did not hear anything else from Defendant on this issue.

5. That Jackie Tabb's testimony will not prejudice Defendant, Jackie Tabb was disclosed, and Defendant elected not to use interrogatories or depositions with respect to Jackie Tabb.  See attached Exhibit C.

WHEREFORE, the Plaintiff, VERNON TABB, respectfully requests that this Court enter an order denying both of Defendant's Motions In Limine and for other and further relief that this Court deems just and equitable.

VERNON TABB, Plaintiff,

By:_____/S/_____
John A. Singer
IL Fed & State #6305063
IA State #AT0010479
Attorney for Plaintiff
Winstein, Kavensky & Cunningham
P.O. Box 4298
Rock Island, IL  61201
(309) 794-1515 - Phone
(309) 794-9929 – Fax
jsinger@wkclawfirm.com

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon counsel for the Defendant by the following on the 28 day of October, 2016:

___ U.S. Mail (postage fully prepaid)      ___ FAX
___ Hand Delivered                          ___ Overnight Courier
___ Certified Mail (postage fully prepaid)___ Other: _____
___ EDMS Filing System                     _X_ CM/ECF

_____/s/ JohnSinger_____
WINSTEIN, KAVENSKY & CUNNINGHAM